IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CLAYTON C. HEINRICH, Deceased, | ) | |
| | ) | |
| Plaintiff, | ) | 8:14CV401 |
| | ) | |
| V. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF TREASURY, INTERNAL REVENUE SERVICE, | ) ) ) | FINDINGS AND RECOMMENDATION AND ORDER |
| | ) | |
| Defendant. | ) | |
| | ) | |

      This matter is before the Court on Defendant's Petition to Allow Claim of the Internal Revenue Service (filing 7) and the Objection to Allow Claim and Motion to Remand Case (filing 10) filed by the Personal Representative of the Estate of Clayton Heinrich ("Plaintiff"), deceased. For the reasons explained below, it will be recommended to Chief District Court Judge Laurie Smith Camp that Plaintiff's Motion to Remand be denied. Additionally, with respect to Defendant's Petition to Allow Claim, it will be ordered that the parties submit a joint proposal regarding how to progress the case.

## BACKGROUND

      On August 28, 2014, Defendant filed a Proof of Claim in the probate matter pending in the County Court of Webster County, Nebraska, asserting that the decedent, Clayton Heinrich, is indebted to the United States in the amount of $250,801.81 for unpaid taxes. On October 16, 2014, Plaintiff filed a "Notice of Disallowance of Claim" in the Webster County Court. (Filing 1-1.) The basis for the disallowance was that Defendant's claim was not verified and Defendant had "not furnished a complete detailed statement . . . depicting what amounts have been paid and what amounts remain unpaid." (*Id*.) On December 9, 2014, Defendant removed the matter to this Court, asserting jurisdiction under 28 U.S.C. § 1441(a), 28 U.S.C. § 1346(a)(1) and 28 U.S.C. § 1442(a)(1). (Filing 1.)

On January 13, 2015, Defendant filed a Petition to Allow Claim of the Internal Revenue Service (filing 7). In the Petition, Defendant alleges that it is a secured creditor of the debtor, Clayton Heinrich, and that this liability arises from unpaid taxes owed for tax years 2006, 2007, 2008, 2009 and 2014. (*Id*.) The Petition further states that on December 9, 2014, copies of certified tax transcripts in support of the claim were mailed to Plaintiff's attorney, and that on January 7, 2015, Plaintiff's counsel was notified that the original returns for tax years 2006, 2007, 2008 and 2009 would be made available for inspection. Defendant claims that the Disallowance of Claim is moot because Defendant has now provided the requested documentation.

On February 13, 2015, Plaintiff filed an Objection to Allow Claim and Motion to Remand Case (filing 10), arguing that this Court lacks subject matter jurisdiction. Plaintiff claims that this proceeding is within the exclusive jurisdiction of the state court because it involves the validity of the form of the notice of claim filed in the state court action, and whether the claim is secured, unsecured, contingent or liquidated. In addition, Plaintiff seemingly argues that this Court lacks jurisdiction because the Notice of Disallowance does not constitute a "civil action" that is subject to removal.

### I. Motion to Remand

The undersigned concludes that Plaintiff's Motion to Remand should be denied. Removal was appropriate under 28 U.S.C. § 1442(a)(1), which authorizes the removal of a "civil action" that is "against or directed" to the "United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, in any official or individual capacity, for or relating to any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for . . . the collection of the revenue." The term "civil action" includes "any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued." 28 U.S.C. § 1442(d)(1). In connection with the probate proceeding, Plaintiff directed a "Notice of Disallowance of Claim" to the United States Department of Treasury Internal Revenue Service. Plaintiff seemingly seeks an order disallowing Defendant's tax claim or a determination of the nature of Defendant's claim (filing 10), while Defendant maintains that

a tax debt is owed and should be recognized. Thus, removal under 28 U.S.C. § 1442(a)(1) was proper.

Plaintiff also argues that jurisdiction is lacking because this action is simply one to resolve the testate of an estate and determine the validity of the form and nature of submitted claims, which are exclusively a matter of state probate proceedings. While it is true that a federal court does not have jurisdiction to probate a will or administer an estate, a federal court still has jurisdiction "to entertain suits in favor of creditors, legatees and heirs and other claimants against a decedent's estate to establish their claims so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." Markman v. Allen, 326 U.S. 490, 494 (1946) (internal quotation omitted). This case involves a challenge to Defendant's tax claim and Plaintiff's liability for unpaid federal taxes, including the amount thereof. This Court's exercise of jurisdiction over the action to the extent it involves the adjudication of Defendant's tax claim will not interfere with the state probate proceedings as it does not seek to reach property under the control of the probate court. See Williams v. United States, 327 F. Supp.2d 720, 723 (S.D. Texas) (stating that a determination of the validity and amount of tax claims against a decedent's estate does not interfere with the administration of an estate in probate court). Therefore, Plaintiff's Motion to Remand should be denied.

## II.     Petition to Allow Claim of the Internal Revenue Service

Defendant's Petition requests that its claim be recognized, and that this Court order immediate payment of the alleged tax debt. In light of the ruling on Plaintiff's Motion to Remand, the parties are directed to confer in an effort to decide how to best progress this case. The parties shall jointly submit a report to the undersigned by or before May 20, 2015, detailing their proposed strategy of moving this matter forward.

Accordingly,

**IT IS RECOMMENDED** to Chief District Court Judge Laurie Smith Camp that the Objection to Allow Claim and Motion to Remand Case (filing 10) be denied.

A party may object to a magistrate judge's order by filing an objection within fourteen (14) days after being served with a copy of the findings and recommendation. Failure to timely object may constitute a waiver of any objection.

**IT IS FURTHER ORDERED** that by or before May 20, 2015, the parties shall confer and jointly submit a report detailing a proposed strategy for progressing this case.

**DATED May 5, 2015.**

        **BY THE COURT:**

        **S/ F.A. Gossett**
        **United States Magistrate Judge**