## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ESTATE OF CLAYTON C. HEINRICH, Deceased, | ) ) ) | **8:14CV401** |
| Plaintiff, | ) ) | **MEMORANDUM AND ORDER** |
| v. | ) ) | |
| UNITED STATES DEPARTMENT OF TREASURY, INTERNAL REVENUE SERVICE, | ) ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court on the Motion for Summary Judgment (Filing No. 46) filed by Defendant.   For the reasons explained below, Defendant's motion will be granted.

## BACKGROUND

This action concerns the Internal Revenue Service's ("IRS") claim for unpaid taxes against the estate of Clayton C. Heinrich ("the decedent") in a pending probate action in the County Court of Webster County, Nebraska.   The IRS claims the decedent is indebted to the United States in the amount of $234,559.53.   (Filing No. 48-1 at pp. 2-3).

On September 22, 2010, the IRS filed a Notice of Federal Tax Lien against the decedent with the Register of Deeds of Webster County, Nebraska, ("Register of Deeds") for federal income taxes owed for the 2005, 2006, and 2007 tax years (Filing No. 48-1 at pp. 4-5; Filing No. 48-2 at p. 2).   On September 23, 2011, and October 13, 2011, the IRS filed Notices of Federal Tax Liens jointly against the decedent and his wife Leona Heinrich with the Register of Deeds for federal income taxes owed by them for 2004 through 2009 tax years (Filing No. 48-1 at p. 5; Filing No. 48-2 at pp. 3-4).   On August 28, 2012, the Notices of Federal Tax Liens for unpaid tax liabilities were filed with the Register of Deeds against the personal representative ("PR") and nominees of the estate.   (Filing No. 48-1 at p. 5; Filing No. 48-2 at pp. 5-9).

The probate of the decedent's estate commenced in county court on July 15, 2014. (Filing No. 47-4 at p. 1).   On August 28, 2014, the IRS filed a Proof of Claim in the county

court action, asserting that the decedent owed $250,801.81 in unpaid taxes for tax years 2006 to 2009 and 2014, which included an estimate of $20,000 the IRS anticipated the decedent would owe for the 2014 tax year. (Filing No. 48-1 at p. pp. 2-3). The PR subsequently filed an income tax return and paid the decedent's 2014 income tax. (Filing No. 48-1 at p. 2). As a result, the IRS filed an Amended Proof of Claim against the estate in the total amount of $234,559.53 for tax years 2006 to 2009. (Filing No. 48-1 at pp. 2-3; Filing No. 48-3).

On October 16, 2014, the PR filed a "Notice of Disallowance of Claim" in county court, alleging the IRS' claim was not verified and the IRS had "not furnished a complete detailed statement . . . depicting what amounts have been paid and what amounts remain unpaid." (Filing No. 1-1). The IRS removed the matter to this Court (Filing No. 1) and also filed a Petition to Allow Claim (Filing No. 7). This court retained jurisdiction and granted the IRS' petition to allow claim. (Filing No. 31). An Inventory of Assets filed on March 23, 2015, in the county court case provides that the estate property is insufficient to pay all creditors. (Filing No. 47-6). The probate case remains pending in county court. (Filing No. 47-4).

The IRS provided an accounting of its claim to the estate, setting out each payment received on the delinquent tax debt and the corresponding credit given for the payment. (Filing No. 48-1 at pp. 5-6; Filing No. 49-2). The IRS has not received payment for the decedent's delinquent tax debt for years 2006 to 2009 and alleges the estate owes $234,559.53, as of November 30, 2015, plus accruing interest and penalties. (Filing No. 48-1 at p. 3).

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. The movant bears the initial responsibility of informing the Court of the basis for the motion, and must identify those portions of the record which the movant believes demonstrate the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. *Id.* "Where the unresolved issues are primarily legal rather than

factual, summary judgment is particularly appropriate." *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir. 2004).

## DISCUSSION

Plaintiff did not respond to Defendant's motion for summary judgment. On a motion for summary judgment, "Properly referenced material facts in the movant's statement are considered admitted unless controverted in the opposing party's response." NECivR 56.1(b)(1). "Failure to file an opposing brief is not considered a confession of a motion but precludes the opposing party from contesting the moving party's statement of facts." NECivR 7.1(b)(1)(C). Thus the Court will assume that Defendant's statement of the facts is established.

"If any person liable to pay any tax neglects or refuses to pay the same after demand, the amount (including any interest, additional amount, addition to tax, or assessable penalty, together with any costs that may accrue in addition thereto) shall be a lien in favor of the United States upon all property and rights to property, whether real or personal, belonging to such person." 26 U.S.C. § 6321. "State law governs the majority of conflicts between lienholders competing for the same property, but, when an IRS tax lien is involved, federal law, specifically [26 U.S.C. § 6323], outlines rights of private creditors as to the tax lien." *In re May Reporting Servs., Inc.*, 115 B.R. 652, 658 (Bankr. D.S.D. 1990); see also *United States v. Estate of Romani*, 523 U.S. 517, 532, (1998).

The IRS obtained valid liens against the decedent's property for failure to pay federal income tax between 2006 and 2009, filed Notices of Federal Tax Liens in Webster County in 2010, 2011 and 2012, and appropriately filed a Proof of Claim in the pending probate action. (Filing No. 48-1 at pp. 4-5; Filing No. 48-2 at 2-9). The PR disallowed the IRS' claim for the reason that the claim was not verified and the IRS had "not furnished a complete detailed statement . . . depicting what amounts have been paid and what amounts remain unpaid." (Filing No. 1-1). The PR's assertion apparently was based on the belief the IRS had not properly credited payments made to the IRS. (Filing No. 22 at p. 2; Filing No. 47-3 at pp. 4-5). However, the IRS has submitted as evidence a "complete accounting" reflecting each payment received and applied to the decedent's tax balance. (Filing No. 48-1 at pp. 5-6; Filing No. 49-2). The estate has not identified any errors in the IRS' accounting or submitted

evidence to rebut the IRS' evidence reflecting that the decedent's outstanding delinquent tax liability is $234,559.53, as of November 30, 2015.   (Filing No. 48-1 at p. 3).   Therefore, the court finds the IRS has a valid claim of $234,559.53 in unpaid federal income taxes against the estate.   Accordingly,

**IT IS ORDERED:**

1.      Defendant's Motion for Summary Judgment (Filing No. 46) is granted.

2.      The IRS has a valid claim against the Estate of Clayton C. Heinrich in the amount of $234,559.53, plus accrued interest and penalties.


**DATED: March 29, 2016.**


**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**